UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| CLAYTON F. BRILLHART, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:07-cv-1138 |
| ) | |
| v. ) | Honorable Janet T. Neff |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |
| _____) | |

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB). Plaintiff filed the application for DIB benefits giving rise to this lawsuit on August 19, 2004, claiming a March 12, 2003 onset of disability.[1] (A.R. 91-93). Plaintiff's claim was denied on initial review. Plaintiff's disability insured status expired on December 31, 2006. On May 8, 2007, plaintiff received a hearing before an administrative law judge (ALJ) at which plaintiff was represented by counsel. (A.R. 424-58). Plaintiff testified during the hearing, and questioning by plaintiff's attorney and the ALJ necessarily focused on any changes in plaintiff's condition from March 12, 2003 through the March 31, 2006 expiration of plaintiff's

---

[1] Administrative *res judicata* stemming from the denial of plaintiff's earlier application for DIB benefits barred any claim based on an onset of disability before March 12, 2003. On November 27, 2001, plaintiff filed an application for DIB benefits, claiming a December 20, 2000 onset of disability. The Social Security Administration denied the claim. On September 13, 2004, Judge David W. McKeague entered judgment affirming the Commissioner's decision finding that plaintiff was not disabled on or before March 11, 2003. *See Brillhart v. Commissioner*, No. 1:03-cv-398 (W.D. Mich. 2004)(A.R. 61-62).

disability insured status that might warrant a finding of disability. (A.R. 427-30, 433-50). On June 25, 2007, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 14-24). On September 19, 2007, the Appeals Council denied review (A.R. 5-7), and the ALJ's decision became the Commissioner's final decision.

On November 13, 2007, plaintiff filed his complaint seeking judicial review of the Commissioner's decision denying his claim for DIB benefits. Plaintiff's brief contains the following statement of errors:

> I. The ALJ committed reversible error by not properly considering the opinion of Plaintiff's treating physician.
>
> II. The ALJ committed reversible error by not considering Plaintiff's work history when assessing his credibility.

(Statement of Errors, Plf, Brief at 15, docket # 7). Upon review, I find that plaintiff's arguments do not provide a basis for disturbing the Commissioner's decision. I recommend that the Commissioner's decision be affirmed.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston*, 245 F.3d at 534 (quoting *Richardson v. Perales*, 402

U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

**Discussion**

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from his alleged onset of disability of March 12, 2003, through March 31, 2006, but not thereafter. (A.R. 17). Plaintiff had not engaged in substantial gainful activity since his alleged onset of disability. Plaintiff had the following severe impairments: "a cognitive disorder (status-post 1998 closed head injury); hyperacusis (sound sensitivity); photophobia; mild disc degeneration at L5-S1; [and] a major depressive disorder and a personality disorder." (A.R. 17). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. Plaintiff retained the residual functional capacity (RFC) for a limited range of light work:

> After careful consideration of the entire record, the undersigned finds that, from March 12, 2003 through the date last insured, the claimant had the residual functional capacity to perform a range of light exertion work, or work that requires a maximum occasional lifting and carrying of twenty pounds and a maximum [frequent] lifting and carrying of ten pounds. He required a low-stress environment involving minimal interaction with others and no specific, scheduled pace. He was limited to the performance of only simple, routine tasks. He needed to avoid bright or fluorescent lighting and required a generally quiet work setting.

(A.R. 17). The ALJ found that plaintiff's subjective complaints were not fully credible:

> At [the] hearing, the claimant testified that he has sensitivity to sounds and lights and indicated that fluorescent lights really bother him; he said that he does much better while wearing sunglasses in an environment with incandescent lights. He stated that he feels better in outside light but still wears sunglasses and wears a hat. He stated that loud sounds and bright light zap his energy and take his focus away from what he is trying to do. He said that, even at home, he has poor concentration at home when there is activity around him. He stated that he does not think he would last very long on a job and that he could not make it through an eight-hour day. He stated that he gets headaches about two [times] weekly at the temples and frontal portion of his head. He said that he takes daily aspirin and also Imitrex is helpful for the headaches.
>
> In terms of his activities, the claimant stated that he last went skiing about two or three years ago. He stated that he walks short distances (a couple blocks) in the park rather than longer

> walks in the woods as he did in the past. He drives on an almost daily basis but is careful not to do so when he is tired. He stated that he does some housecleaning (a little dusting, vacuuming, putting dishes in the dishwasher, laundry) and has no particular difficulties doing these things, but does limit his activity to about 30 minutes at one time.
>
> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could have been reasonably expected to produce a portion of the alleged symptoms; however, the claimant statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible. In formulating the findings of this decision, the undersigned has taken great care to include the reasonable limitations of the claimant. It is noteworthy, that both from a physical medicine and mental health perspective, the amount of treatment that the claimant sought and received became much less frequent after March 2003 than before that date. The central issue of the claim is perhaps the amount of downtime that is reasonably required secondary (primarily) to the headaches and fatigue. Having decided to apply *res judicata* of the prior decision and noting that the decision was upheld by the Appeals Council and the District Court, the undersigned considered all possible dates of onset between March 12, 2003 and March 31, 2006. Upon a comprehensive analysis of the entire record, the undersigned cannot conclude that the downtime from headaches, easy or quick fatigueability or any other factor or combination of factors reasonably prevented the claimant from engaging in substantial gainful activity through the pertinent period, which end[ed] March 31, 2006 due to the expiration of insured status.

(A.R. 21). Plaintiff was not able to perform his past relevant work. Plaintiff was forty-five years old as of the last date he was disability insured. Thus, plaintiff was classified as a younger individual. (A.R. 22). The ALJ found that plaintiff has at least a high school education and can communicate in English. The transferability of job skills was not material to the disability determination. The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age and with his RFC, education, and work experience, the VE testified that there were approximately 10,000 jobs in the State of Michigan that the hypothetical person would be capable of performing. (A.R. 452-56). The ALJ held that this constituted a significant number of jobs. Using Rule 202.21 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled. (A.R. 17-24).

**1.**

Plaintiff repeatedly invites the court to commit error by considering evidence that was not properly before the ALJ in determining whether the ALJ's decision is supported by substantial evidence. (Plf. Brief at 11-12, 15-17, docket # 7; Reply Brief at 2-3, docket # 11). This is patently improper. For fifteen years it has been clearly established law of the Sixth Circuit that the ALJ's decision is the final decision subject to review by this court in cases where the Appeals Council denies review. This court must base its review of the ALJ's decision on the administrative record presented to the ALJ. The Sixth Circuit has repeatedly held that where, as here, the Appeals Council denies review and the ALJ's decision becomes the Commissioner's decision, the court's review is limited to the evidence presented to the ALJ. *See Jones v. Commissioner*, 336 F.3d at 478; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *see also Osburn v. Apfel*, No. 98-1784, 1999 WL 503528, at * 4 (6th Cir. July 9, 1999) ("Since we may only review the evidence that was available to the ALJ to determine whether substantial evidence supported [his] decision, we cannot consider evidence newly submitted on appeal after a hearing before the ALJ."); *accord Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007)("There is no backdoor route to get new evidence considered for the first time at the court of appeals level; the only method to have new evidence considered is to ask for a sentence six remand under 42 U.S.C. § 405(g) . . . ."). The court is not authorized to consider additions to the record in determining whether the Commissioner's decision

is supported by substantial evidence and whether the Commissioner correctly applied the law. *See Cline*, 96 F.3d at 148.

Plaintiff suggests that this court should manufacture its own exception to the Sixth Circuit's well-established rule:

> [P]laintiff would note that the evidence of Plaintiff's ongoing treatment (411-412) was submitted to the Appeals Council. While Plaintiff's current attorney did not represent him at the hearing, a review of that evidence seems to indicate that it is a summary of the treatment which was created because the actual treatment records were unavailable. Thus, Plaintiff would assert that *Cotton v. Sullivan*, 2 F.3d 692, 695-696 (6th Cir. 1993), should not apply here, as the Record is not clear as to whether the 2005-2007 treatment records of Dr. DeBoe were available at the time of the hearing.

(Plf. Brief at 17). The creation any exception to the Sixth Circuit's longstanding rule is the province of the Court of Appeals, not this court. Nothing in the "Progress Note summary" (A.R. 411-12) that Psychologist James B. De Boe created on July 20, 2007 remotely supports plaintiff's current attorney's conjecture that the psychologist's actual treatment records from 2005 through 2007 were "unavailable." The details Psychologist De Boe selected to include in the summary undermine the assertion that the underlying records were unavailable. There is no affidavit from Psychologist De Boe or plaintiff's former attorney[2] stating that the underlying records were unavailable. Plaintiff has not established a legal or factual basis for a departure from the Sixth Circuit rule.

---

[2] Attorney Thomas M. Stellard had represented plaintiff during the administrative proceedings on plaintiff's earlier application for DIB benefits (A.R. 30, 46) and in the lawsuit that followed the the denial of that application, and Stellard's arguments at the administrative level and in this court had been rooted in Psychologist De Boe's restrictive assessments regarding plaintiff's ability to perform the requirement of work. (A.R. 36-39, 52-55). Attorney Stellard also represented plaintiff during the administrative process on the present claim for DIB benefits through the denial of plaintiff's application for discretionary review by the Appeals Council. (A.R. 7, 13, 74, 76, 81-84, 411-24). The transcript of plaintiff's May 8, 2007 hearing reveals that Attorney Stellard had no objections to the evidence. (A.R. 427-28). Attorney Stellard did not request an adjournment of the hearing, and he did not request that the ALJ keep the record open to provide more time to obtain and submit records from Psychologist De Boe. (A.R. 424-58).

Plaintiff's brief and reply brief contain passing requests for remand to the Commissioner "pursuant to either Sentence Four or Sentence Six of 42 U.S.C. Section 405(g)." (Plf. Brief at 18; Reply Brief at 4). "A district court's authority to remand a case for further administrative proceedings is found in 42 U.S.C. § 405(g)." *Hollon v. Commissioner*, 447 F.3d 477, 482-83 (6th Cir. 2006). The statute permits only two types of remand: a sentence four (post-judgment) remand made in connection with a judgment affirming, modifying, or reversing the Commissioner's decision; and a sentence six (pre-judgment) remand where the court makes no substantive ruling as to the correctness of the Commissioner's decision. *Hollon*, 447 F.3d at 486 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991)). The court cannot consider evidence that was not submitted to the ALJ in the sentence four context. It only can consider such evidence in determining whether a sentence six remand is appropriate. *See Bass v. McMahon*, 499 F.3d at 513; *Foster v. Halter*, 279 F.3d at 357; *Cline*, 96 F.3d at 148; *Cotton*, 2 F.3d at 696. Plaintiff's briefs contain no developed argument supporting plaintiff's requests for a sentence six remand. Issues raised in a perfunctory manner are deemed waived. *See Geboy v. Brigano*, 489 F.3d 752, 767 (6th Cir. 2007); *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996) ("[I]ssues averted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."); *see also Anthony v. Astrue*, 266 F. App'x 451, 458 (6th Cir. 2008).

Assuming *arguendo* that the issue has not been waived, it is patent that plaintiff is not entitled to a sentence-six remand. Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the evidence plaintiff now presents is "new" and "material," and that there is "good cause" for the failure to present this evidence in the prior proceeding. *See Hollon*, 447 F.3d at 483; *see also Longworth v. Commissioner*, 402 F.3d 591, 598 (6th Cir. 2005); *Cline*, 96 F.3d

at 148; *Balogh v. Commissioner*, 94 F. App'x 286 (6th Cir. 2004) (A sentence six remand "requires that all three elements be met."). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486.

On June 25, 2007, the ALJ issued his decision denying plaintiff's application for DIB benefits. (A.R. 14-24). The ALJ found that plaintiff was not disabled from his alleged onset of disability of March 12, 2003 through the expiration of plaintiff's disability insured status on March 31, 2006. The July 30, 2007 summary created by Psychologist De Boe is "new" because it was generated after the ALJ's decision finding that plaintiff was not disabled. *See Hollon*, 447 F.3d at 483-84; *Foster*, 279 F.3d at 357; *see also Templeton v. Commissioner*, 215 F. App'x 458, 463 (6th Cir. 2007). Indeed, the Psychologist De Boe's summary appears to have been created in response to the ALJ's decision.

Contrary to plaintiff's attorney's assumption (Reply Brief at 4), "good cause" is not established solely because the new evidence was not generated until after the ALJ's decision. The Sixth Circuit has taken a "harder line." *Oliver v. Secretary of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *see also Perkins v. Apfel*, 14 F. App'x 593, 598-99 (6th Cir. 2001). The moving party must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Hollon*, 447 F.3d at 485; *Oliver*, 804 F.2d at 966; *see also Brace v. Commissioner*, 97 F. App'x 589, 592 (6th Cir. 2004) (claimant's decision to wait and schedule tests just before the hearing before the ALJ did not establish good cause); *Cranfield v. Commissioner*, 79 F. App'x 852, 859 (6th Cir. 2003). Plaintiff has not carried his burden in this regard. Attorney James R. Rinck states in plaintiff's reply brief that he "did not represent [plaintiff] at the hearing level, [and] he does not know exactly why treatment notes for the period in question were apparently

not available." (Reply Brief at 3). He states that is it a "mystery" why Psychologist De Boe's records were not submitted. (*Id.* at 2). This is patently is deficient. An attorney's statement that he lacks knowledge regarding why treatment records were not submitted cannot possibly carry the plaintiff's burden of explaining why the evidence was not obtained earlier and submitted to the ALJ before decision.

Finally, in order to establish materiality, plaintiff must show that the introduction of the evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *See Foster v. Halter*, 279 F.3d at 357; *Sizemore v. Secretary of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988); *see also Hensley v. Commissioner*, 214 F. App'x 547, 550 (6th Cir. 2007). Plaintiff's brief and reply brief do not address the issue of materiality. Plaintiff's has not carried his burden. I find that Psychologist De Boe's July 20, 2007 summary (A.R. 411-12) would not have reasonably persuaded the Commissioner to reach a different conclusion with regard to whether plaintiff was disabled during the period from March 12, 2003 through the expiration of plaintiff's disability insured status on March 31, 2006.

Plaintiff has not demonstrated that remand pursuant to sentence six of 42 U.S.C. § 405(g) is warranted. I recommend that plaintiff's request for a sentence six remand be denied. Plaintiff's arguments will be evaluated on the record presented to the ALJ.

**2.**

Plaintiff argues that the ALJ failed to give sufficient weight to Psychologist De Boe's opinions. This argument is largely premised on evidence that was not presented to the ALJ and which cannot be considered by the court in making the determination whether the ALJ's decision

is supported by substantial evidence. Although plaintiff's argument has been seriously undermined, the court must nonetheless determine whether the ALJ gave adequate weight Psychologist De Boe's medical opinions in the administrative record as it existed on June 25, 2007, when the ALJ issued his decision.

The issue of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the Commissioner. 20 C.F.R. § 404.1527(e); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004); *see also Gaskin v. Commissioner*, No. 07-1130, 2008 WL 2229848, at * 8 (6th Cir. May 30, 2008)("A physician's opinion that a claimant is disabled is entitled to no deference because it is the prerogative of the Commissioner, not the treating physician, to make a disability determination."); *Turner v. Commissioner*, 267 F. App'x 456, 461 (6th Cir. 2008)("[T]he opinion of a medical source that a person is 'disabled' is not entitle to any special significance as that determination is reserved to the Commissioner."); *Stiltner v. Commissioner*, 244 F. App'x 685, 689 (6th Cir. 2007)("As an initial matter, we note that the determination of disability is ultimately the prerogative of the Commissioner, not the treating physician.").

The ALJ carefully examined Psychologist De Boe's opinions and rejected them as being inconsistent with the record as a whole. (A.R. 17-22). A treating physician's opinion is not entitled to controlling weight if it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" or is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). The ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton*, 246 F.3d at 773; *see Kidd v. Commissioner*, No. 07-6111, 2008 WL 2564784, at * 4 (6th Cir. June

25, 2008); *see also Bingaman v. Commissioner*, 186 F. App'x 642, 647 (6th Cir. 2006)("Although the opinion of a treating physician is generally accorded great weight, such deference applies only where the physician's opinion is based on sufficient medical data."); *Bell v. Barnhart*, 148 F. App'x 277, 285 (6th Cir. 2005)("[R]egardless of whether Dr. McFadden was a treating physician, his opinion was entitled to controlling weight only if it was 'well-supported my medically acceptable clinical and laboratory diagnostic techniques and [was] not inconsistent with other substantial evidence in [the] case record.'")(quoting 20 C.F.R. § 404.1527(d)(2)). An opinion that is based on the claimant's reporting of his or her symptoms is not entitled to controlling weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990); *see also Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007); *Bell v. Barnhart*, 148 F. App'x at 285. The ALJ's finding that Psychologist De Boe's opinions were not entitled to controlling weight is well-supported. The record is devoid of objective test results supporting Psychologist De Boe's opinions. The ALJ easily satisfied the procedural requirement of giving "good reasons" for not giving controlling weight to Psychologist De Boe's opinions. (A.R. 21-22). *See Smith v. Commissioner*, 482 F.3d at 875-76; *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004).

   Even when a treating source's medical opinion is not given controlling weight because it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence in the record, the opinion should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of factors that guides the weight given to the medical opinion, including treatment relationship, supportability, consistency, specialization, and other factors. *See* Social Security Ruling 96-2p (July 2, 1996): *Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions* , SSR

96-2p (reprinted in 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. § 404.1527(d); *Martin v. Commissioner*, 170 F. App'x 369, 372 (6th Cir. 2006); *see also Turner v. Commissioner*, No. 07-5235, 2008 WL 582603, at * 4 (6th Cir. Mar. 4, 2008). Applying these factors, the ALJ determined that the extreme restrictions proffered by Psychologist De Boe were unsupported and inconsistent with the course of plaintiff's medical treatment:

> The undersigned assigns little weight to the opinion statement offered by psychologist DeBoe in [E]xhibit B23-F. While Dr. DeBoe indicates treating the plaintiff between July 1998 and April 2007, a careful review of the entire record shows that the frequency of treatment reduced dramatically after April 2002. The progress notes from the three dates in 2003 and the four dates in 2004 all appear on a single page (Exhibit B-15F, page 1 [A.R. 297]). There are no records of treatment from 2005 and 2006 and then a one-page psychology interim summary dated April 10, 2007 (Exhibit B-23F, page 2 [A.R. 407]). Moreover, Dr. DeBoe offers no rationale or objective reasons for the degree of functional limitations expressed in [E]xhibit B-23F.

(A.R. 21-22). I find no violation of the treating physician rule.

### 3.

Plaintiff's remaining argument is that the ALJ committed reversible error by not considering plaintiff's work history when assessing his credibility:

> [T]his Court should consider that before Plaintiff's accident, he had a steady and positive work history, and he made sincere and substantial efforts to return to his job after the accident. An ALJ must consider the claimant's work history when assessing his credibility, and a good work history strengthens the claimant's credibility. *Schaal v. Apfel*, 134 F.3d 496, 502 (2d Cir. 1998). Clearly, that was not done here, which constitutes another reversible error.

(Plf. Brief at 17). Plaintiff's argument is based on a faulty premise. The ALJ did consider plaintiff's work history. Plaintiff's disability insured status had expired on March 31, 2006. The March 11, 2003 decision denying plaintiff's earlier application for DIB benefits (A.R. 31-43) already contained a discussion of plaintiff's work history, and plaintiff had not worked at any time

after that decision. The ALJ's June 25, 2007 opinion noted that plaintiff had been injured in June of 1998 while working as a retail store detective. (A.R. 18). Plaintiff's earnings record showed that plaintiff had last received wages in 2001. (A.R. 86). The ALJ's accepted plaintiff's explanation that the wages that plaintiff received in 2001 represented "sick pay." (A.R. 17). Plaintiff's claim that the ALJ failed to consider his work history is not supportable.

Furthermore, this court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *see also Lawson v. Commissioner*, 192 F. App'x 521, 528 (6th Cir. 2006). The court cannot substitute its own credibility determination for the ALJ's. The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the deferential "substantial evidence" standard. "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476; *see Cruse v. Commissioner*, 502 F.3d 532, 542 (6th Cir. 2007); *see also Gaskin v. Commissioner*, 2008 WL 2229848, at * 5. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge [his] subjective complaints." *Buxton v. Halter*, 246 F.3d at 773. "Since the ALJ has the opportunity to observe the demeanor of the witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey v. Secretary of Health & Human*

*Servs.*, 987 F.2d at 1234. The ALJ's provided a detailed and lengthy discussion of his reasons for finding that plaintiff's subjective complaints were not fully credible. (A.R. 20). I find find that the ALJ's credibility determination is supported by more than substantial evidence. *See Cruse v. Commissioner*, 502 F.3d at 542-43; *Blacha v. Secretary of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990); *see also Infantado v. Astrue*, 263 F. App'x 469, 475-76 (6th Cir. 2008).

### Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated:  August 4, 2008          /s/  Joseph G. Scoville
                                United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).